**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| EDWARD MICHAEL STRAUSS, )<br>      Plaintiff, )<br>       )<br>v. )<br>       )<br>JAMES CARPENTER, *et al.*, )<br>      Defendants. ) | CAUSE NO.: 2:20-CV-62-JVB-JEM |

## **OPINION AND ORDER**

This matter is before the Court on two motions to dismiss filed on May 20, 2020: one by Defendant Sonya Morris [DE 19] and one by Defendants Anthony Copeland, City of East Chicago, and Sandra Favela [DE 23]. Plaintiff Edward Strauss filed a single response on July 17, 2020, and Morris filed a reply on July 23, 2020. For the reasons described below, the motions are granted.

## **BACKGROUND**

On February 11, 2020, Plaintiff filed a seven-count complaint against six defendants, arising from an incident at the East Chicago City Court. In brief, the complaint alleges as follows: On February 10, 2020, Strauss went to the East Chicago City Court to attend court for his own cases and to "report the happenings of the court for a journalistic publication." On a previous visit to the courthouse, Strauss had been prevented from bringing audio and video recording devices into the courtroom. This time, Strauss brought a clipboard, pen, and legal documents and sat in the public gallery. Defendant James Carpenter, a bailiff, approached Strauss and told him that per the judge's orders, there is "no reading or writing in the courtroom." Carpenter told Strauss to put the materials away or leave the courtroom, or else he would be arrested. Strauss objected and argued with Carpenter. Ultimately, Strauss "plac[ed] his clipboard down next to him and abandon[ed], under duress and threat of arrest, his review of his case and his ability to take notes." Strauss alleges

that because of this incident, he sustained "compensatory damages" and "ongoing extreme emotional distress."

Strauss sued the City of East Chicago, Anthony Copeland (the Mayor of East Chicago), Sandra Favela (a city employee[1]), Sonya Morris (a judge), Carpenter (the bailiff), and James Crawford (Carpenter's supervisor). Moving defendants seek to dismiss the following counts pled against them:

- Count 3, alleging pursuant to 42 U.S.C. § 1983 that Morris, Crawford, Copeland, and Favela maintained a policy of "deliberate indifference" toward judicial misconduct and unlawful behavior by city employees;

- Count 5, alleging liability for the City of East Chicago under 42 U.S.C. § 1985 for the allegations above;

- Count 6, alleging liability for Morris, Crawford, Copeland, and Favela under 42 U.S.C. § 1985 for the allegations above;

- Count 7, alleging willful and wanton misconduct against all defendants based on the bailiffs' treatment of Strauss.

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl.*

---

[1] The Complaint does not clearly describe Favela's relationship to these events, but Favela's motion to dismiss describes her as "an employee of [the City] directly responsible for the staff of the City."

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570).

### 1. Defendants Copeland, Favela, and the City of East Chicago [DE 23]

In Count 3, Strauss alleges a claim under § 1983 that Defendants Copeland, Favela, and the City of East Chicago maintained a policy or practice of deliberate indifference toward judicial misconduct and unlawful behavior by employees. Although Copeland and Favela were named in their individual and official capacities, a § 1983 claim against an individual in his or her official capacity is really a claim against the municipality itself. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). An official cannot be personally liable under § 1983 unless the official directly caused a constitutional deprivation. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Here, there is no allegation that Copeland or Favela directly caused any violation or that they were involved in or aware of Strauss's incidents. Therefore, Copeland and Favela cannot be held liable under § 1983.[2]

In Counts 5 and 6, Strauss alleges claims under 42 U.S.C. § 1985 against Copeland, Favela, and the City. Section 1985 prohibits depriving a person of equal protection under the law through a conspiracy motivated by "racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). "To establish the existence of a conspiracy, a plaintiff must show that the conspirators agreed to inflict

---

[2] The City does not present any argument that the identical § 1983 claim against it, separately pled in Count 2, must be dismissed, so that claim will remain pending.

3

injury upon him; in other words, that they acted with a single plan, the general nature and scope of which was known to each conspirator." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Here, there is no allegation that Strauss was targeted because of his membership in a particular class. Even if there were, Strauss has not alleged that the defendants acted with a plan to inflict injury on him. Although Strauss states generally that the defendants "conspired alone or together to deprive him of his rights," that conclusory statement is insufficient to allege a civil rights conspiracy. Strauss provides no facts to indicate that Copeland, Favela or the City was aware of Strauss's situation or conspired against him personally. The conspiracy claims will be dismissed as to those three defendants.

In Count 7, Strauss adds a claim of willful and wanton misconduct against all defendants for failing to address an "unreasonable risk of physical and/or emotional injury to Strauss." Willful or wanton misconduct consists of either: "1) an intentional act done with reckless disregard of the natural and probable consequence of injury to a known person . . . or 2) an omission or failure to act when the actor has actual knowledge of the natural and probable consequence of injury and [ ] opportunity to avoid the risk." *Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1204-05 (Ind. Ct. App. 2011). The Indiana Tort Claims Act provides immunity from tort liability to government employees acting within the scope of their employment. I.C. 34-13-3-5(a).

Even if the Indiana Tort Claims Act did not provide immunity to the individual defendants, Strauss has not pled facts that state a claim for willful or wanton misconduct against Copeland, Favela or the City.[3] Strauss does not point to a specific action or omission by any of these

---

[3] Strauss also alleges that due to previous interactions with the bailiffs, actions should have been taken to "recuse the court itself from […] a blatant conflict of interest" in his case in the East Chicago City Court. Strauss does not allege any facts that would show why his previous interactions with bailiffs would have made Copeland, Favela, or the City aware of a probable injury, or that any of these parties were in a position to address this purported conflict of interest. *Ellis*, 940 N.E.2d at 1204-05.

4

defendants that reflects indifference to a probable injury. Although Strauss claims he suffered "ongoing extreme emotional distress" from the incident, he does not state how this was a "natural and probable consequence" of the enforcement of rules in a courtroom gallery. Strauss does argue that the defendants were negligent in hiring and retaining Carpenter and Crawford as bailiffs. Assuming Strauss's factual allegations are true, it is not clear why his prior run-in with the bailiffs – in which he was prevented from bringing recording devices into the courtroom – would have put the defendants on notice of a probable future injury to Strauss. Nor has Strauss shown why Copeland, Favela, or the City had any reason to think the bailiffs were performing inadequately. Accordingly, the claims of willful and wanton misconduct must be dismissed against these defendants.

### 2. Defendant Morris [DE 19]

Strauss brings the same § 1983, § 1985 and willful and wanton misconduct claims against Judge Sonya Morris. Although the Complaint does not clearly allege that Strauss was in Judge Morris's courtroom, the Court infers from his allegations that he was, and that it was Judge Morris who allegedly imposed a rule of "no reading or writing" in the courtroom. Judges are immune from lawsuits based on judicial acts unless the acts were in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The power to set the rules of court is well within Judge Morris's jurisdiction. *See* Ind. Code 33-35-2-1(a)(1) ("A judge of a city or town court . . . may adopt rules for conducting the business of the court"); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (immunity applies to acts "normally performed by a judge" in her judicial capacity). Strauss cannot sue Judge Morris for creating or enforcing these rules.

To the extent Strauss claims that Judge Morris deprived him of his rights based on some non-judicial act, any such claim fails for the reasons previously described in this order. Judge

Morris is an officer of the state judicial system, and like the City employees, she cannot be sued in her official capacity. *See Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991). Regarding the § 1985 conspiracy claim, there is no allegation that Judge Morris targeted Strauss because of his membership in a particular class and no facts suggesting that she conspired with anyone to target him directly. There is no allegation of any non-judicial act by Judge Morris toward Strauss at all, let alone one that deprived Strauss of a constitutional right or demonstrated indifference to injury. Therefore, all of Strauss's claims against Judge Morris are dismissed.

## CONCLUSION

For the reasons described above, the Court **GRANTS** the motions to dismiss [DE 19, 23], as described below:

(1) The Court **DISMISSES** Count 3 as to Defendants Copeland, Favela, and Morris. Count 3 remains pending as to Defendant Crawford;

(2) The Court **DISMISSES** Count 5 in its entirety;

(3) The Court **DISMISSES** Count 6 as to Defendants Copeland, Favela, and Morris. Count 6 remains pending as to Defendant Crawford;

(4) The Court **DISMISSES** Count 7 as to Defendants Copeland, Favela, Morris, and the City of East Chicago. Count 7 remains pending as to Defendants Crawford and Carpenter.

The Court therefore **DISMISSES** Defendants Copeland, Favela, and Morris, as no claims remain pending against them.

SO ORDERED on February 1, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
